UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M. DUNAGAN,<br><br>        Plaintiff,<br><br>vs.<br><br>D. CASE,<br><br>        Defendant. | Case No. 1:15-cv-01024-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

Plaintiff Brian M. Dunagan, a California state prisoner appearing *pro se* and *in forma pauperis* has filed a Civil Rights Complaint under 42 U.S.C. § 1983 against D. Case. Dunagan is currently incarcerated at the California State Prison, Corcoran, where the alleged acts occurred.

## I.      SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[2] Likewise, a

---

[1]  28 U.S.C. § 1915A(a).

[2]  28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

prisoner must exhaust all administrative remedies as may be available,[3] irrespective of whether those administrative remedies provide for monetary relief.[4]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[7]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[8] "[A] complaint [that] pleads facts that are 'merely consistent with' a

---

[3]  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[4]  *See Booth*, 532 U.S. at 734.

[5]  Fed. R. Civ. P. 8(a)(2).

[6]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[7]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[8]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

## II.    GRAVAMEN OF COMPLAINT

Dunagan contends that on July 20, 2014, he informed Sgt. Case that Dunagan: (1) had been unable to urinate for three days; (2) was unable to hold down food: and (3) had a rapid heart beat, was in severe pain, with nausea, vomiting, and diarrhea. According to Dunagan, when Case advised him to turn in a sick call slip, Dunagan informed Case he had already done so. Case then allegedly told Dunagan to file a 602-HC, which Case alleges he informed Case he had previously done. As a result, Dunagan was unable to see the doctor until the yard doctor line on July 24, 2014, at which point Dunagan had been unable to urinate for seven (7) days.

Dunagan further alleges that, in addition to refusing to get him medical assistance, Case issued a Rules Violation Report when Dunagan covered his cell windows in an attempt to get medical help.

---

[9]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[10]  *Id.*

[11]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

Dunagan seeks monetary compensation of $150,000, that he be permanently transferred to a medical facility or an outpatient unit in the prison's infirmary and provided adequate pain management.

## III.   DISCUSSION

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[12]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[13] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[14]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere

---

[12]   *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

[13]   *Id.* at 106.

[14]   *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

negligence or isolated occurrences of neglect.[15] The Ninth Circuit has spoken to the subject

of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts.
> First, the plaintiff must show a serious medical need by demonstrating that
> failure to treat a prisoner's condition could result in further significant injury
> or the unnecessary and wanton infliction of pain. Second, the plaintiff must
> show the defendant's response to the need was deliberately indifferent. This
> second prong—defendant's response to the need was deliberately
> indifferent—is satisfied by showing (a) a purposeful act or failure to respond
> to a prisoner's pain or possible medical need and (b) harm caused by the
> indifference. Indifference may appear when prison officials deny, delay or
> intentionally interfere with medical treatment, or it may be shown by the way
> in which prison physicians provide medical care. Yet, an inadvertent [or
> negligent] failure to provide adequate medical care alone does not state a
> claim under § 1983. A prisoner need not show his harm was substantial;
> however, such would provide additional support for the inmate's claim that
> the defendant was deliberately indifferent to his needs. If the harm is an
> isolated exception to the defendant's overall treatment of the prisoner [it]
> ordinarily militates against a finding of deliberate indifference.[16]

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need

in order for deliberate indifference to be established. Where the claim is based upon delay

in providing a specified treatment, a prisoner has no claim for deliberate medical

indifference unless the delay was harmful.[17]

To make a claim, Plaintiff must show that Defendants exhibited "deliberate

indifference to serious medical needs."[18] Such a showing is sufficient to demonstrate the

---

[15]  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[16]  *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and
citations omitted).

[17]  *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other
grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[18]  *Estelle*, 429 U.S. at 105.

"unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[19] The Constitution "does not necessitate comfortable prisons,"[20] nor is the Eighth Amendment a mandate for "broad prison reform" or excessive federal judicial involvement.[21] However, the Eighth Amendment does not permit inhumane conditions, and prison conditions are subject to scrutiny under its provisions.[22]

The United States Supreme Court has outlined a two-part test to determine if prison officials have violated a prisoner's rights under the Eighth Amendment:

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities . . . . The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.[23]

With regard to the first requirement, "[t]he circumstances, nature, and duration of a deprivation of [shelter, food, clothing, sanitation, medical care, and personal safety] must

---

[19]   *Id*. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal quotation marks and citation omitted)).

[20]   *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981))

[21]   *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (*abrogated on other grounds by Sandlin v. O'Connor*, 515 U.S. 472 (1995).

[22]   *Farmer*, 511 U.S. at 832.

[23]   *Farmer* 511 U.S. at 834 (citations and internal quotations omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991) (discussing subjective requirement); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (discussing two-part test); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (same); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (same); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (same).

be considered."[24] "The more basic the need, the shorter the time it can be withheld."[25] Deprivation of basic necessities for even brief periods can constitute a violation whereas more moderate deprivations must be more lengthy or ongoing.[26]

As to the second requirement, the relevant state of mind is "one of 'deliberate indifference' to inmate health or safety."[27] To show deliberate indifference, the inmate must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[28] "Thus, *Farmer* [ ] requires an inmate to show that the official knew of the risk *and* that the official inferred that substantial harm might result from the risk."[29] The "prison official need not have acted 'believing that harm actually would befall an inmate; it is enough that the official acted . . . despite his knowledge of a substantial risk of serious harm.'"[14] The question of the official's knowledge is a question of fact.[15]

---

[24] *Johnson*, 217 F.3d at 731.

[25] *Hoptowit*, 682 F.2d at 1259.

[26] *Johnson*, 217 F.3d at 731–32.

[27] *Farmer*, 511 U.S. at 834.

[28] *Id*. at 837; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim).

[29] *Wallis*, 70 F.3d at 1077.

[14] *Id*. (quoting *Farmer*, 511 U.S. at 842) (omission in original).

[15] *Farmer*, 511 U.S. at 826.

Dunagan's Complaint is patently deficient.  By Dunagan's own admission Case did not outright refuse Dunagan's request for medical assistance. While Dunagan may have subjectively believed that submitting another request for medical care as Case suggested was unnecessary, there is no allegation that Dunagan's condition constituted a medical emergency. Indeed, the specific allegations of the Complaint, i.e., that Dunagan received medical care four days later without any apparent adverse effects other than extreme discomfiture, forecloses any finding that Dunagan was in imminent danger of serious harm, let alone that Case had knowledge of that of that risk.

Perhaps more importantly, omitted from the Complaint are significant facts concerning the events during the four-day period between Dunagan's receipt of medical attention and the date Dunagan's made his request of Case. Specifically, why Dunagan did not receive medical care prior to July 24 as result of the request for medical care made prior to the date Dunagan made his request of Case (July 20), or why, other than apparently his own subjective belief that it would be futile, Dunagan did not submit another request for medical care as Case suggested.[16] Irrespective of which, it cannot be found that the delay in Dunagan's receipt of medical care was as a result of any act or failure to act on the part of Case. Indeed, to the contrary, any delay in his receiving medical treatment prior to July 24 was either as a result of the acts of persons other than Case, or  Dunagan himself.

---

[16]  It certainly cannot be found that the actions of Case were deliberately done to cause Dunagan to "endure severe pain for [Case's] sadistic pleasure" as alleged in Dunagan's CDCR 602-A attached to the Complaint.  Docket 1, p. 13.

In short, the allegations of the Complaint, even if proven, fall far short of establishing the elements necessary to support an Eighth Amendment deliberate indifference claim against Case. Furthermore, it does not appear that Dunagan can truthfully plead facts that would plausibly support such a claim.  Therefore, amendment would be futile.

## IV.   ORDER

Based upon the foregoing, the Complaint on file herein is hereby **DISMISSED** without leave to amend.[17]

The Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Dunagan's constitutional claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal would frivolous or taken in bad faith.[18] Dunagan's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 6th day of October, 2015.

                              S/ RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE

---

[17]  *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[18]  28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).